UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PATTY COFFELT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.  1:05cv294 |
| | ) | |
| LEON KERLEGAN, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss for lack of personal jurisdiction, filed by the defendant, Leon Kerlegan ("Kerlegan"), on June 29, 2005, in the Allen Superior Court.  The plaintiff, Patty Coffelt ("Coffelt"), filed a response on or about August 12, 2005.  Kerlegan removed the case to this court on August 19, 2005, and filed a reply on September 6, 2005.

On October 6, 2005, Coffelt filed a motion for leave to file surrebuttal, and attached as Exhibit A a copy of her proposed surrebuttal.  The court grants the motion for leave to file surrebuttal, and has considered the surrebuttal in this opinion.

On October 14, 2005, Kerlegan filed a notice of additional authority.

For the following reasons, the motion to dismiss will be granted.

Discussion

This is a personal injury/negligence case arising from an automobile accident which occurred in Indiana.  In her complaint, Coffelt states that she resides in Allen County, Indiana, and that upon information and belief, Kerlegan is also a resident of Allen County, Indiana.

In his motion to dismiss, Kerlegan states that the Clerk of the Court attempted service of

process by certified mail, but said process was returned unclaimed.  Kerlegan further states that there have been no further attempts to get personal service on him and, thus, the court does not have personal jurisdiction.

In response, Coffelt has submitted copies of documents indicating both personal service at Kerlegan's last known address and also by publication in the area of his residence via the Chicago Tribune.  Coffelt's documentation includes an "Affidavit of Special Process Server" showing attempted service at 5300 Pulaski, Chicago, IL, dated July 1, 2005, and an "Affidavit of Special Process Server" showing attempted service at 5541 S.  Everett, #808, Chicago, IL, dated July 5, 2005.   Both of these affidavits states that Kerlegan was no longer at the given address. Coffelt has also submitted a Certificate of Publication from the Chicago Tribune Company showing that a notice was printed and published in the Chicago Tribune three times from July 14, 2005 through July 28, 2005.

In reply, Kerlegan provides a bit more detail, and states that the summons and complaint were sent via certified mail with return receipt requested to what was believed to be Kerlegan's last known address in Chicago, Illinois, and the papers were returned unclaimed on April 11, 2005.  Thereafter, on June 13, 2005, Coffelt delivered a courtesy copy of the complaint to Kerlegan's former employer's insurance claims representative.  After Kerlegan's motion to dismiss was filed, Coffelt attempted personal service via private process server, which failed. Coffelt then attempted service by publication.

Where there has been insufficient service of process, the court does not have personal jurisdiction over the individual.  Rabiolo v.  Weinstein, 357 F.2d 167, 168 (7th Cir.  1966).  To withstand a motion to dismiss for lack of personal jurisdiction, the party on behalf of whom

2

service is attempted bears the burden of proving its validity and showing that personal jurisdiction over the defendant exists.  <u>Steel Warehouse of Wisc., Inc. v. Leach</u>, 154 F.3d 712, 714 (7th Cir. 1998).

In support of his motion to dismiss, Kerlegan argues that Coffelt failed to comply with the rules for service by publication.  According to Indiana Trial Rule 4.13(A), the person seeking service by publication, or his attorney, must submit a request for service by publication in a praecipe for summons.  Additionally, the praecipe must be supported by affidavits.[1]  Moreover, Rule 4.13(D) provides that "[s]ervice of summons by publication shall be made and procured by the clerk, by a person appointed by the court for that purpose, or by the clerk or sheriff of another county where publication is to be made."  Finally, pursuant to Rule 4.13(E) the return of service and affidavit must be filed with the pleadings and allotted papers in the case and become a part of the record.  As Kerlegan points out, Coffelt failed to comply with any of these rules.

In her surrebuttal Coffelt acknowledges that Rule 4.13 was not followed, but contends that due process was not violated because her act of sending the summons to the Chicago

---

[1] Rule 4.13(A) states in its entirety:

> In any action where notice by publication is permitted by these rules or by statute, service may be made by publication.  Summons by publication may name all the persons to be served, and separate publications with respect to each party shall not be required.  The person seeking such service, or his attorney, shall submit his request therefor upon the praecipe for summons along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state, and shall prepare the contents of the summons to be published.  The summons shall be signed by the clerk of the court or the sheriff in such manner as to indicate that it is made by his authority.

Tribune provided the exact same level of notice which would have occurred had the Allen County clerk sent the paperwork to the Chicago Tribune.  Coffelt maintains that the notice provided by her counsel mirrors that which would have been obtained by the Allen County Court Clerk and, thus, she has substantially complied with the service by publication requirements set forth in Rule 4.13.

Notably, Coffelt has not submitted any authority supporting her contention that substantial compliance with Rule 4.13 is sufficient.  In <u>Harris v.  Delaware County Division of Family and Children's Services</u>, 732 N.E.2d 248 (Ind.  App.  2000), the Indiana court stated:

> Upon review of the entire record, we find neither a praecipe nor an affidavit, as required by T.R. 4.13, for service of publication upon Harris.  Moreover, we note that the trial rule employs the mandatory language of "shall" rather than the permissive language of "may".  Therefore, it is not merely a suggestion to counsel seeking service by publication to prepare these specific documents; it is a directive.

In the present case, as in <u>Harris</u>, the directives of Rule 4.13 were not followed.  Therefore, this court holds that service of process was not completed upon Kerlegan, and his motion to dismiss must be granted.

<u>Conclusion</u>

Based on the foregoing, Coffelt's motion for leave to file surrebuttal is hereby GRANTED, and Kerlegan's motion to dismiss is also hereby GRANTED.

 Entered: October 17, 2005.

<u>s/ William C.  Lee</u>
William C. Lee, Judge
United States District Court

4